| | |
|---|---|
| 1 | HONORABLE RONALD B. LEIGHTON |

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

RICHARD BURKS,

    Plaintiff,

 v.

CROWN BEVERAGE PACKAGING, LLC,

    Defendant.

CASE NO. C17-5304RBL

ORDER ON DEFENDANT'S MOTION FOR SUMMARY JUDGMENT [51]

  THIS MATTER is before the Court on Defendant's Motion for Summary Judgment [Dkt. #51]. The Court previously denied the Plaintiff's Motion for Summary Judgment [Dkt. #48]. In doing so, the Court rejected the plaintiff's assertion that the defendant, as a matter of law, failed to participate in good faith in the interactive process toward an agreed reasonable accommodation. The Court observed that there was plenty of process and a lot of interaction between the parties. They discussed extensively Burks' illness and Crown's regretful decision that the plant was too dangerous for Burks to continue in his job as a night supervisor.

  As for the current motion, the Court has reviewed all of the material and was aided by the oral argument. The Court has labored and stewed far too long to reach a result on the merits.

Regrettably, the Court reaches the same conclusion on this motion as it did on the Plaintiff's. Defendant's Motion for Summary Judgment [Dkt. #51] is **DENIED**.

The Court is sympathetic to the dilemma presented to the employer by the obvious interaction of the plant's electromagnetic energy-emitting equipment with Burks' Subcutaneous Implantable Cardioverters Defibrillator (ICD). The interaction has the potential to harm, even kill, Burks. The Court is also moved by the hard-luck story of Burks' health issues and the double-whammy of losing a job he very much enjoyed. At the same time, the court bristles at the rhetoric of accusation and slander that is so-often invited by the established law of the workplace. Not everyone is a bigot or penurious skin flint. The issues central to this dispute are legitimate and will require thoughtful consideration by the trier of fact. Foremost among them are as follows:

- Whether Plaintiff can perform the essential functions of his job as a Shift Supervisor, with or without reasonable accommodation;
- Whether Burks' ICD posed a direct threat to his life while at work;
- Whether an effective accommodation for the perceived risks could have been implemented.

The parties will coordinate with the Court's Deputy Clerk to find a trial date as soon as practicable, given the existing commitments.

Dated this 2nd day of November, 2018.

Ronald B. Leighton
United States District Judge